# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | | |
|---|---|---|
| **JIMMY DEAN MCCORMICK,** | ) | |
| | ) | |
| Petitioner, | ) | Case No. 7:18CV00025 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **UNKNOWN,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Respondent. | ) | |
| | ) | |

*Jimmy Dean McCormick, Pro Se Petitioner.*

Jimmy Dean McCormick, a Virginia inmate proceeding pro se, has filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254, challenging the validity of his confinement under a judgment of a state court. Upon review of the petition, I conclude that it must be summarily dismissed without prejudice for failure to exhaust available state court remedies.

McCormick was convicted in 2012 in Dickenson County Circuit Court for distribution of a Schedule II controlled substance. The circuit court sentenced him to 20 years in prison with 16 years suspended. After serving several months, McCormick achieved his release and began serving his five years of supervised probation in December 2014.

In July 2016, McCormick was found guilty of a probation violation, and the state judge imposed the 16-year suspended sentence. *See* Exhibits 1-2, ECF No. 4. The initial sentencing order was vacated, and after appointment of new counsel, the state judge conducted a second hearing in August 2016, with the same outcome. McCormick also pleaded guilty to a charge of perjury in January 2017, and was sentenced to five years in prison for that offense.

A Notice of Appeal was filed on McCormick's behalf in the Court of Appeals of Virginia on November 9, 2016, and the trial record was filed on March 6, 2017. No Petition for Appeal was filed, however, and the appeal was dismissed on June 26, 2017. In October 2017, McCormick filed a motion in the court of appeals, seeking a belated appeal. According to him, that motion has been denied.

McCormick has filed two habeas corpus petitions in the Dickenson County Circuit Court, both of which are currently pending, Case No. CL17000082-00 and Case No. CL17000260-00. He complains that no court date has been set in these cases. He states that, among other things, his initial state habeas petition asserts the claim that he was denied new counsel after his trial counsel abandoned him during the appeal proceedings.

McCormick's § 2254 petition was received and docketed in this court on January 22, 2018.[1]  The petition contends that after one court-appointed attorney abandoned him during the appeal, the circuit court failed to appoint new counsel.

Under 28 U.S.C. § 2254(b), a federal court cannot grant a habeas petition unless the petitioner has exhausted the remedies available in the courts of the state in which he was convicted.  Ultimately, exhaustion requires the petitioner to present his claims to the highest state court with jurisdiction to consider them and receive a ruling.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  If a § 2254 petitioner still has available state court proceedings where he can litigate his habeas claims in the state courts, a federal court should dismiss his § 2254 petition without prejudice to allow him to exhaust those state court remedies.  *See Slayton v. Smith*, 404 U.S. 53, 54 (1971).

As stated, McCormick indicates that he has filed state court habeas proceedings in the circuit court that raise his current claim.  If the circuit court denies relief, he may then file a habeas appeal to the Supreme Court of Virginia.  *See* Va. Code Ann. §§ 8.01-654(A)(1), 17.1-406(B).  Because these state court remedies remain available to McCormick, he has not yet fulfilled the exhaustion

---

[1] McCormick previously filed two civil actions under 42 U.S.C. § 1983 about his state court criminal proceedings:  No. 7:17CV00487 and No. 7:18CV00005.  I construed the complaints in these two cases as § 2254 petitions and summarily dismissed them without prejudice for failure to exhaust state court remedies.

requirement in § 2254(b). For this reason, I must dismiss his § 2254 petition without prejudice to allow him to exhaust his state court remedies.

A separate Final Order will be entered herewith.

DATED: January 29, 2018

/s/ James P. Jones
United States District Judge